Report Date: January 10, 2019

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Jesbam Barragan | Case Number: 0980 1:16CR02063-RMP-1 |
| Address of Offender: ██████████ Union Gap, Washington 98903 | |

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: January 12, 2017

| | | | |
|---|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) | | |
| Original Sentence: | Prison - 30 months<br>TSR - 36 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: | September 20, 2018 |
| Defense Attorney: | Ben Hernandez | Date Supervision Expires: | September 19, 2021 |

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 4**: You must be truthful when responding to the questions asked by your probation officer. |

**Supporting Evidence**: Mr. Barragan is considered to be in violation of his conditions of supervision by being dishonest to his probation officer on January 4, 2019.

On September 21, 2018, this officer met with Mr. Barragan upon his release from Bureau of Prisons custody. Mr. Barragan reviewed and signed the judgment and sentence, which outlined the conditions of his term of supervised release.

On January 4, 2019, this officer, along with other probation and law enforcement officers, attempted to contact Mr. Barragan at his residence as part of a planned search of his residence as there was reasonable suspicion of contraband. This officer knocked on the primary door of the residence and did not receive an answer. This officer then attempted to contact Mr. Barragan several times via his cell phone number with no success. This officer contacted Mr. Barragan's employer and boss, Daniel Brit. Mr. Brit stated Mr. Barragan had the day off and was not working. Moments later, Mr. Barragan contacted this officer and stated he was not home and was working. This officer asked him to clarify and Mr. Barragan stated he was working. This officer confronted him about his inconsistent story as his boss verified he was not working. Mr. Barragan then stated he was with a female friend on 7th

Street in Yakima and did not provide further details. This officer instructed him to go to his home so this officer could make a home contact with him. Mr. Barragan stated he did not have transportation and could not go home. He stated he would contact this officer once he went home.

2     **Standard Condition # 6**: You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

**Supporting Evidence**: Mr. Barragan is considered to be in violation of his conditions of supervision by not allowing the probation officer to visit him at his residence on January 4, 2019.

On September 21, 2018, this officer met with Mr. Barragan upon his release from Bureau of Prisons custody. Mr. Barragan reviewed and signed the judgment and sentence, which outlined the conditions of his term of supervised release.

On January 4, 2019, as part of a planned search, this officer, along with other officers, attempted to contact Mr. Barragan at his residence. This officer knocked on the primary door to the residence and did not receive an answer. It was unclear if Mr. Barragan was home or not. This officer was contacted by Mr. Barragan and he stated to not be home without being asked of his whereabouts. He went on to state he was working. This officer informed him that his boss was contacted and verified he was not working. Mr. Barragan then stated to be in Yakima and further stated he would contact this officer later when he had transportation back to his residence. Prior to leaving the premises, Yakima Police Department (YPD) gang unit officers noted a black BMW vehicle parked at the residence was known to be driven by a known criminal street gang member. After this officer left the residence, a YPD officer continued to provide surveillance of the residence. Moments later, the vehicle was seen occupied and leaving Mr. Barragan's residence. The YPD officer conducted a traffic stop and Mr. Barragan was a back seat passenger in the vehicle. It was apparent Mr. Barragan was inside his residence at the time this officer attempted to contact him and he did not permit this officer to conduct a home visit.

This officer asked Mr. Barragan why he did not answer his residence door when I knocked. Mr. Barragan stated that he did not answer the door as his friends were visiting him and they were not supposed to be there.

3     **Special Condition # 1**: You must not associate with known street gang members or their affiliates.

**Supporting Evidence**: Mr. Barragan is considered to be in violation of his conditions of supervision by associating with known street gang members on January 4, 2019.

On September 21, 2018, this officer met with Mr. Barragan upon his release from Bureau of Prisons custody. Mr. Barragan reviewed and signed the judgment and sentence, which outlined the conditions of his term of supervised release.

On January 4, 2019, YPD conducted a traffic stop on a 2013 BMW vehicle. The occupants of the vehicle were identified to include Mr. Barragan as the back seat passenger. The driver

of the vehicle was identified as Luis Armando Ray Robles-Almaguer, a known street gang member to YPD with the moniker of "Kicker." The front passenger was identified as Joahan Ontiveros Carmona, a known street gang member to YPD with the moniker of "Smokes."

Mr. Barragan stated that he knew he was not supposed to be associating with these friends. This officer asked Mr. Barragan why he believed he could not associate with them. Mr. Barragan stated that his friends were documented gang members and he could not associate with them due to his supervision conditions.

4 **Special Condition # 6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Barragan is considered to be in violation of his conditions of supervision by consuming marijuana on November 4 and December 30, 2018.

On September 21, 2018, this officer met with Mr. Barragan upon his release from Bureau of Prisons custody. Mr. Barragan reviewed and signed the judgment and sentence, which outlined the conditions of his term of supervised release.

On November 5, 2018, Mr. Barragan reported to the probation office and self admitted having consumed marijuana on November 4, 2018. Mr. Barragan provided a urine specmein for urinalysis (UA) testing and the results were presumptive positive for marijuana. The specimen was sent to Alere Laboratory for further testing and confirmed the positive result for marijuana.

On December 31, 2018, Mr. Barragan reported to the probation office and self admitted having consumed marijuana on December 30, 2018. Mr. Barragan provided a urine specimen for urinalysis (UA) testing and the results were presumptive positive for marijuana. The specimen was sent to Alere Laboratory for further testing and confirmed the positive result for marijuana.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Executed on: | January 10, 2019 |
| | s/Arturo Santana |
| | Arturo Santana<br>U.S. Probation Officer |

Prob12C
**Re: Barragan, Jesbam**
**January 10, 2019**
**Page 4**

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] Other

_____
Signature of Judicial Officer

1/10/2019
_____
Date